IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NIKIFOROS P. KALFOUNTZOS,

    Petitioner,                    No. CIV 10-2734 JAM EFB PS

    vs.

SACRAMENTO COUNTY
SUPERIOR COURT,

    Respondent.                 FINDINGS AND RECOMMENDATIONS

        This case, in which petitioner is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Petitioner requests authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*, and has submitted the affidavit required thereunder which demonstrates that petitioner is unable to prepay fees and costs or give security thereof. Accordingly, the request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a).

        Determining petitioner may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

1    Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,
2    520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if
3    it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*
4    *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41
5    (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of
6    his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of
7    a cause of action's elements will not do. Factual allegations must be enough to raise a right to
8    relief above the speculative level on the assumption that all of the complaint's allegations are
9    true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable
10   legal theories or the lack of pleading sufficient facts to support cognizable legal theories.
11   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12   In this action, petitioner seeks an administrative "writ of mandamus to direct the
13   respondent Sacramento County Superior Court [to] issue a writ of an administrative mandamus
14   commanding [California's Public Employees Retirement System ("CalPERS")] to pay the
15   petitioner immediately a full salary rehabilitation maintenance payments, industrial disability
16   retirement and restore his public career . . . ." Dckt. No. 1.      On August 4, 2009, the
17   Superior Court of California, County of Sacramento sustained respondent's demurrer to the
18   petition on the ground that the petition is barred by the statute of limitations, and dismissed the
19   petition. Dckt. No. 1, Exs. D, C. On December 2, 2009, the Supreme Court of California denied
20   petitioner's petition for review. *Id.*, Ex. E.

21   Petitioner alleges that the Superior Court's decision to sustain the demurrer and dismiss
22   his petition was erroneous, and therefore asks this court to reverse that decision. Dckt. No. 1 at
23   4-5. However, a federal district court does not have jurisdiction to review errors in state court
24   decisions in civil cases. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476
25   (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923). "The district court lacks subject
26   matter jurisdiction either to conduct a direct review of a state court judgment or to scrutinize the

2

state court's application of various rules and procedures pertaining to the state case." *Samuel v. Michaud*, 980 F. Supp. 1381, 1411-12 (D. Idaho 1996), *aff'd*, 129 F.3d 127 (9th Cir. 1997); *see also Branson v. Nott*, 62 F.3d 287, 291-92 (9th Cir. 1995) (finding no subject matter jurisdiction over section 1983 claim seeking, *inter alia*, implicit reversal of state trial court action). That the federal district court action alleges the state court's action was unconstitutional does not change the rule. *Feldman*, 460 U.S. at 486. In sum, "a state court's application of its rules and procedures is unreviewable by a federal district court. The federal district court only has jurisdiction to hear general challenges to state rules or claims that are based on the investigation of a new case arising upon new facts." *Samuel*, 980 F. Supp. at 1412-13. Accordingly, the court will recommend this action be dismissed without leave to amend for lack of subject matter jurisdiction based on the *Rooker-Feldman* doctrine. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's request for leave to proceed *in forma pauperis* be granted;

2. The petition be dismissed without leave to amend; and

3. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

////

////

////

////

1 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: November 9, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4